Michelle E. Armond (Bar No. 227439)
michelle.armond@armondwilson.com
Forrest M. McClellen (Bar No. 316845)
forrest.mcclellen@armondwilson.com
ARMOND WILSON LLP
895 Dove Street, Suite 300
Newport Beach, CA 92660
Phone: (949) 932-0778
Facsimile: (512) 345-2924

Douglas R. Wilson (Admitted *Pro Hac Vice*)
ARMOND WILSON LLP
9442 Capital of Texas Hwy North
Plaza 1, Suite 500
Austin, Texas 78759
Phone: (512) 267-1663
Facsimile: (512) 345-2924

Attorneys for Plaintiff
TARGUS INTERNATIONAL LLC

*(additional counsel listed on next page)*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| TARGUS INTERNATIONAL LLC, a Delaware limited liability company,<br><br>            Plaintiff,<br><br>      vs.<br><br>EVERKI USA, INC., a California corporation,<br><br>            Defendant. | Case No. 8:20-cv-00641 JLS (DFMx)<br><br>Discovery Document: Referred to Magistrate Judge Douglas F. McCormick<br><br>**STIPULATED PROTECTIVE ORDER** |

Erica J. Van Loon (Bar No. 227712)
Erica.VanLoon@LathropGPM.com
Andrew Y. Choung (Bar No. 203192)
Andrew.Choung@LathropGPM.com
Daniel A. Kadin (Bar No. 311471)
Daniel.Kadin@LathropGPM.com
LATHROP GPM LLP
1888 Century Park East, Suite 1000
Los Angeles, CA 90067
Phone: (310) 789-4600
Facsimile: (310) 789-4601

Attorneys for Defendant
EVERKI USA, INC.

Targus International LLC and Everki USA, Inc. (collectively the "Parties," individually "Party") agree that each Party may assert that it has information relating to the subject matter of this action that it considers confidential and proprietary. The Parties recognize that in the course of discovery it may be necessary to disclose to the other Party certain asserted confidential and proprietary information, but each wishes to ensure that such asserted confidential and proprietary information shall not be used for any purpose other than the above captioned action, and shall not be made public by another Party, beyond the extent necessary for the purposes of this action. In addition, the Parties contemplate that confidential information may be produced by a non-party. The Parties therefore seek to facilitate the production and protection of such information.

Good Cause Statement. This patent action is likely to involve trade secrets, personally identifiable information, customer and pricing lists, and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than this action is warranted. Such confidential and proprietary materials and information consist of, among other things, personally identifiable information, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including confidential information of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of

justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

Accordingly, based upon the agreement of the Parties and for good cause shown, it is ORDERED that the following procedure shall be adopted for the protection of confidential information.

1. Any Party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as "Confidential" or "Highly Confidential" any Documents, exhibits, excerpts, summaries, pleadings, reports, declarations, affidavits, testimony, transcripts, interrogatory responses, admissions, or other discovery material (collectively "Litigation Material") that contains confidential information pursuant to the terms and conditions set forth herein. Litigation Material that is designated as either "Confidential" or "Highly Confidential" is hereinafter collectively referred to as "Protected Material." Any pleading or document containing Protected Material shall be marked with the highest designation provided for the Protected Material it contains. As used herein, "Document" shall have the meaning ascribed by FRCP 34(a), and shall include all "writings," "recordings," and "photographs" as those terms are defined by Rule 1001 of the Federal Rules of Evidence.

2. "Confidential" or "Highly Confidential" material, as used in this Order, shall refer to any designated Litigation Material and all copies thereof, and shall also refer to the information contained in such Litigation Material. No "Confidential" or "Highly Confidential" designation shall be made unless the designating Party or non-party from whom discovery is sought believes in good faith that the designated Litigation Material is entitled to such protection under

///

the Federal Rules of Civil Procedure and is entitled to the specific level of protection designated and provided for herein.

3. As used herein, "Producing Party" refers to any Party to this action and to any non-party who provides Protected Material under this Protective Order, and "Receiving Party" shall refer to any Party or individual who receives, is shown, or is exposed to Protected Material or information pursuant to this Protective Order.

4. A Party may designate Litigation Material as "Confidential" or "Highly Confidential." The words "Confidential" or "Highly Confidential" shall be placed clearly on each page or portion of the Protected Material. Electronic or native Documents or data shall be similarly marked where practicable, for example in the filename, on the physical media, or by identifying the files by filename and production number in correspondence accompanying the production sent to all counsel of record for the Receiving Party.

    a. Litigation Material may qualify for the "Confidential" designation under any of the following categories: (i) information that is non-public, (ii) information that includes trade secret or other confidential research, development, or commercial information the disclosure of which the Producing Party reasonably believes could cause harm to the business operations of the Producing Party or provide improper business or commercial advantage to others; and/or (iii) information that is protected by a right of privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

    b. Litigation Material may qualify for the "Highly Confidential" designation if it includes non-public information so commercially sensitive that disclosure of the information to an unaffiliated Party or third parties would likely harm the competitive commercial position of the Producing Party or a third party. The following are exemplary categories for "Highly

Confidential" information: (i) Documents or information describing the structure and/or operation of a Party's product in this action, including technical drawings, manufacturing drawings, engineering drawings, engineering notebooks, specifications, research notes and materials, and other technical descriptions and/or depictions; (ii) Documents relating to Parties' prosecution of patents that have not yet issued and that contain claims that are not publicly known; (iii) licensing and/or settlement-related Documents including, but not limited to, agreements with various companies and communications with potential licensors and licensees; (iv) financial data or information, including information concerning sales, revenue, profit margins, costs, capacity, ROI, capital expenditures, yields, utilization, or similar benchmarks; (v) customer lists; (vi) business, strategy, or marketing plans; (vii) price lists and/or pricing information; (viii) information obtained from a non-party pursuant to a Non-Disclosure Agreement; (ix) agreements with any non-party, including OEMs, suppliers, distributors, and customers; (x) negotiations related to the sale of any product manufactured or sold by a Party or non-party, including data related to negotiations or sales opportunities; (xi) budgets, forecasts, and projections; and (xii) any other information or Documents the disclosure of which the Producing Party can demonstrate would cause a clearly defined and serious injury.

5. Unless or until the Court rules otherwise, access to "Confidential" information shall be limited to:

    a. "Outside Counsel," which means the law firm(s) that are counsel of record for the Parties, including their associated attorneys, law clerks, analysts, paralegals, secretaries, translators, clerical staff and other persons regularly employed by such law firm(s), and any temporary personnel retained by such law firm(s) to perform legal or clerical duties or

to provide logistical litigation support reasonably necessary to assist in the conduct of this action provided that no person who is or becomes a director, officer, or employee of a Party shall be considered Outside Counsel;

  b. Up to two designated in-house attorneys, legal counsel, or employees of a Party deemed necessary by Outside Counsel to supervise or aid in the prosecution, defense, or settlement of this action; provided, however, that any such person or entity has signed the Confidentiality Agreement attached to this Protective Order as Exhibit A. A Receiving Party's Outside Counsel shall retain any such executed Confidentiality Agreement until the termination of this action, which need not be disclosed to the Producing Party;

  c. Outside experts and consultants (together with their associates and clerical staff) specifically engaged by the Parties to assist in the above-captioned action, subject to the provisions set forth in Paragraph 8;

  d. Jury consultants, trial consultants, or mock jurors selected by counsel in preparation for trial; provided, however, that any such person or entity has signed the Confidentiality Agreement attached to this Protective Order as Exhibit A.  A Receiving Party's Outside Counsel shall retain any such executed Confidentiality Agreement until the termination of this action, which need not be disclosed to the Producing Party;

  e. Translators of foreign language documents and testimony who are not permanently employed by one of the Parties; provided, however, that any such person or entity has signed the Confidentiality Agreement attached to this Protective Order as Exhibit A. A Receiving Party's Outside Counsel shall retain any such executed Confidentiality Agreement until the termination of this action, which need not be disclosed to the Producing Party;

-5-

   f. Court stenographers, videographers, outside copy services, electronic discovery vendors, document coding or computerization services, and graphics consultants whose function requires them to have access to Protected Material;

   g. The Court and its staff; and

   h. Authors and both actual and intended recipients (as identified on the Document) of such Protected Material, even if such authors or recipients are not currently employed by the Parties; and

   i. Any current or former officer, director, employee, agent, or Rule 30(b)(6) designee of any Producing Party may receive a Producing Party's Protected Material, during such person's deposition and consistent with the provisions of Paragraph 7.

 6. Unless or until the Court rules otherwise, access to any "Highly Confidential" information shall be limited to those persons designated in Paragraphs 5(a), 5(c) through (i).

 7. Notwithstanding any other restrictions in this Protective Order, during the deposition of any current officer, director, employee, agent, or Rule 30(b)(6) designee of the Producing Party, a Receiving Party may show the Producing Party's witness any Protected Material produced by the Producing Party.  During the deposition of any former officer, former director, former employee, former or present consultant, or former agent of the Producing Party, a Receiving Party may show to the witness any Protected Material of the Producing Party that the Receiving Party's Outside Counsel reasonably and in good faith believes the witness to have received, or to have become familiar with its contents, in the ordinary course of business.  No copies of Protected Material shall be provided to a deponent other than for the purposes of the deposition examination without the written consent of the Producing Party.

/ / /

8. Outside experts and consultants specifically engaged by the Parties may have access to Protected Material only after complying with the following requirements:

    a. Any such expert or consultant has signed the Confidentiality Agreement attached to this Protective Order as Exhibit A;

    b. A copy of the signed Exhibit A, a curriculum vitae of the proposed expert or consultant, an identification of any past or present employment or consulting relationship with any Party or any related company to a Party, and a description of the expert or consultant's employment or consulting during the past four (4) years is served on opposing counsel at least seven (7) business days before the Protected Material is shown to such expert or consultant; and

    c. The Producing Party does not object in writing to such disclosure within those seven (7) business days. If such an objection is made, it must be in writing and for good cause, and must state the reasons for such objection; thereafter, no disclosure of Protected Material shall be made to that expert or consultant until the matter is resolved by the parties or the Court. If the objection is not resolved by the Parties within five (5) business days of the written objection, the Producing Party has ten (10) business days from the date of the written objection to raise its objections to the Court. If a written objection is made, and the Producing Party fails to bring the objections before the Court within those ten (10) business days, the receiving Party may show the Producing Party's Protected Material to its expert or consultant, and the Producing Party's objection will be deemed waived.

9. All deposition testimony shall be treated as "Highly Confidential" until thirty (30) calendar days after receipt of the final transcript of the deposition (not including corrections) to permit the opportunity for the Parties to review the

transcript and designate information contained therein as "Confidential," "Highly Confidential" or offer no designation. A Party desiring to maintain the confidentiality of information disclosed at a deposition may designate the information under this Protective Order within thirty (30) calendar days of receipt of the transcript, by sending a written list of the portions of the transcript that contain such information to the Receiving Party, and requesting that the list be affixed to the face of the transcript and to each copy thereof. Only those portions so designated in writing will thereafter be handled and marked in accordance with the provisions of this Protective Order. If Protected Material is to be disclosed during a deposition, any persons present who are not authorized to receive such Protected Material under this Protective Order shall be asked to leave the deposition during the testimony concerning such Protected Material.

10. Any Party and non-party who produced Litigation Material and inadvertently failed to identify such Litigation Material as "Confidential" or "Highly Confidential" shall correct its failure within a reasonable time upon discovery of such inadvertent disclosure by providing written notice of the error and substituted, correctly-designated copies of the inadvertently produced Litigation Material. Any Party or non-party receiving such inadvertently unmarked or improperly marked Litigation Material shall make reasonable efforts to retrieve and destroy all copies of the incorrectly designated materials. The receiving Party or non-party shall have no liability under this Protective order for reliance on the incorrect designation, including any disclosure of information contained in the incorrectly designated Litigation Material consistent with this Protective Order, prior to receiving written notice of the error.

11. A Party may challenge a designation by a Producing Party of Protected Material as "Confidential" or "Highly Confidential." There is no obligation to challenge the propriety of a "Confidential" or "Highly Confidential" designation at the time made, and failure to do so shall not preclude a subsequent

challenge to the designation. A Party that challenges a designation by a Producing Party of Protected Material shall give Outside Counsel for the Producing Party written notice specifying the Protected Material as to which designation is challenged and the reasons for the requested change in designation. Within five (5) business days of such a challenge, the Producing Party shall respond to the challenge, substantiating the basis for the designation in writing, or modifying or removing the confidentiality designations.  Any challenges shall be resolved in good faith on an informal basis if possible. If the challenge cannot be resolved between the Parties, the Receiving Party may seek appropriate relief from the Court. At all times, the Producing Party shall bear the burden of establishing the appropriateness of the Protected Material designation.

12. Any Party who inadvertently discloses Litigation Material that it believes is subject to the attorney-client privilege, attorney work product protection, or is otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the Receiving Party and request that the Litigation Material be returned or destroyed. The inadvertent production of Litigation Material subject to the attorney-client privilege or the attorney work-product doctrine will not waive the attorney-client privilege or the attorney work-product doctrine. In addition, the fact that Litigation Material was inadvertently produced shall not be used in any manner as evidence in support of any such alleged waiver. Upon request, the Receiving Party shall return or destroy such inadvertently produced Litigation Material, including all copies and any notes or summaries referring to or relating to any such inadvertently produced Litigation Material within seven (7) business days. Nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, address(es), and topic of the Litigation Material and such other information as is reasonably necessary to identify the Litigation Material and describe its nature to the Court in any motion to compel production of the

Litigation Material. Such a record of the identity and nature of the Litigation Material may not be used for any purpose other than preparation of a motion to compel in this suit. After the return of the Litigation Material(s), the Receiving Party may challenge the Producing Party's claim(s) of privilege or work-product by making a motion to the Court.

13. In the event of an inadvertent disclosure of Protected Material to a person not qualified to receive the information under the Protective Order, the Party or non-party making the inadvertent disclosure shall, upon learning of the disclosure: (i) promptly notify the person(s) to whom the disclosure was made that it contains confidential information subject to this Protective Order; (ii) promptly use best efforts to retrieve the disclosed information from the person(s) to whom disclosure was inadvertently made and have such person(s) execute Exhibit A to this Protective Order; (iii) promptly make all reasonable efforts to preclude further dissemination or use by the person(s) to whom disclosure was inadvertently made; and (iv) bring all pertinent facts relating to such disclosure to the attention of the Producing Party within five (5) business days of learning of the inadvertent disclosure.

14. Any Protected Material that is to be filed in this proceeding shall be filed under seal pursuant to the local rules of this Court. If the Court declines to seal the Protected Material, such Protected Material will not retain its confidential status.

15. In the event that any Protected Material is used in any court proceeding, the Producing Party may seek an appropriate protective order from the Court before its introduction. In any event, such Protected Material shall not lose its confidential status through such use in any court proceeding, and the Producing Party shall take all steps reasonably required to protect its confidentiality during such use, including requests to clear deposition rooms or courtrooms prior to introduction of such Protected Material. If the Producing

Party does not request or the Court fails to grant a protective order, such Protected Material entered into evidence at trial will not retain its confidential status.

16. In the event that a Party seeks discovery from a non-party to this action, the non-party or a Party may invoke the terms of this Protective Order with respect to any Litigation Material produced by advising all Parties in this suit in writing. Any non-party that discloses Litigation Material under this Protective Order shall be entitled to the rights and obligation of a Party under this Protective Order with respect to those produced Litigation Materials. The use of this Protective Order by a non-party does not entitle that non-party to access the Protected Materials produced by any other Party or non-party in this action. Non-parties may move the Court to enforce the provisions of this Protective Order. Absent a court order to enforce non-party rights, non-parties have no rights under this Protective Order.

17. The restrictions set forth in this Protective Order shall not apply to information or material that: (i) was, is or becomes public knowledge in a manner other than by violation of the Protective Order; (ii) is acquired by the Receiving Party from a third party having the right to disclose such information or material; or (iii) or was lawfully possessed by the Receiving Party prior to the entry by the Court of this Protective Order.

18. This Protective Order shall not bar or otherwise restrict Outside Counsel from rendering advice to his or her client with respect to the above-captioned action, and in the course thereof, referring to or relying generally upon their examination of Documents designated as Protected Material provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the content of such information designated as Protected Material contrary to the terms of this Protective Order.

19. All Protected Material shall be used only in preparation for and trial of the above-captioned action, any appeal therefrom, or any proceeding to settle

or resolve the above-captioned action. Protected Material cannot be used for any other purpose.

20. Protected Material may be disclosed to specified persons not included in Paragraphs 5 and 6 of this Protective Order pursuant to Court order, a written agreement signed by an attorney for the Producing Party, or an agreement by an attorney for the Producing Party on the record in a deposition, hearing, or at trial. Any agreement by a Producing Party to permit disclosure of its Protected Material to an individual who otherwise would not be entitled to access such Protected Material shall not alter any of the other conditions and obligations of this Protective Order.

21. Each individual who receives any Protected Material shall be subject to the jurisdiction of this Court in any proceeding relating to the performance under, compliance with, or violation of this Protective Order.

22. Nothing herein shall restrict the Parties from moving the Court to modify the terms of this Protective Order or the designation of any Litigation Material.

23. Within ninety (90) calendar days of the termination of the above-captioned action, including any appeals, all Parties, persons, and entities (including experts and consultants) who received Protected Material shall make a good faith effort to destroy or return to Outside Counsel for the Producing Party all Protected Material and any and all copies of such Protected Material. Outside counsel may retain one copy of correspondence and legal files, and one set of all transcripts, pleadings, trial and deposition exhibits, and expert reports that were produced by any Party, filed with the court or introduced at trial of this action, including any emails or email folders containing such materials. The Receiving Party shall certify in writing that all such material, including "Confidential" and "Highly Confidential" material disclosed hereunder and not specifically identified in this Paragraph, has been returned or destroyed.

*1*    24.    All notices required by any Paragraphs of this Protective Order are to be made by e-mail to Outside Counsel representing the noticed Party. The date by which a Party receiving a notice shall respond or otherwise take action shall be computed from the date of receipt of the notice. Any of the notice requirements may be waived in whole or in part, but only in writing signed by an attorney for the Producing Party.

    25.    If another person, court, or any U.S. state, or foreign governmental agency should request, subpoena, or order the production of Protected Material from any person or Party subject to this Protective Order, that person or Party shall promptly, and as soon as reasonably possible, notify the Producing Party in writing of the request, subpoena, or order, so that the Producing Party may have an opportunity to appear and be heard on whether the Protected Material should be disclosed. Should the Producing Party object to the production, it may seek appropriate relief from the appropriate court or agency, and pending such a request and, if necessary, the entry of an appropriate stay order, the person or Party receiving the request, subpoena, or order shall not produce the material in dispute so long as it may lawfully refuse.

///

///

///

///

///

///

///

///

-13-

26. This Protective Order shall remain in full force and effect after the termination of this action, including all appeals from orders and final judgments in this action, or until canceled or otherwise modified by court order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: July 21, 2020

| ARMOND WILSON LLP | LATHROP GPM LLP |
|---|---|
| By: /s/ *Michelle E. Armond* <br>    Michelle E. Armond <br>    Douglas R. Wilson <br>    Forrest M. McClellen | By: /s/ *Erica J. Van Loon (with permission)* <br>    Erica J. Van Loon <br>    Andrew Y. Choung <br>    Daniel A. Kadin |
| Attorneys for Plaintiff <br> TARGUS INTERNATIONAL LLC | Attorneys for Defendant <br> EVERKI USA, INC. |

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: July 24, 2020

Hon. Douglas F. McCormick
United States Magistrate Judge

-14-

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *Targus International LLC v. Everki USA, Inc.*, Case No. 8:20-cv-00641 JLS (DFMx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____