IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| TARGUS INTERNATIONAL LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>EVERKI USA, INC., a California corporation,<br><br>Defendant. | Case No. 8:20-cv-00641 JLS (DFMx)<br><br>**ORDER GRANTING STIPULATED PERMANENT INJUNCTION AND DISMISSAL** |

This case having come before this Court, and it being represented to the Court that Plaintiff Targus International LLC and Defendant Everki USA, Inc., (collectively, the "Parties"), have compromised and settled the matters in dispute, IT IS HEREBY ORDERED, ADJUDICATED and DECREED as follows:

1. The Court has jurisdiction over the Parties and the subject matter in this case, and venue is proper in this judicial district.

2. As used in this Order, "Accused Products" refers to the following products at issue in this action: Flight Briefcase (Model No. EKB419), Versa Briefcases (Model Nos. EKB427, EKB427BK17), Atlas Backpacks (Model Nos. EKP121, EKP121S15), Flight Backpack (Model No. EKP119), Concept Backpack (Model No. EKP133), Concept 2 Backpack (Model No. EKP133B), Onyx Backpack (Model No. EKP132), Suite Backpack (Model No. EKP128), Titan / Business 120 Backpack (Model No. EKP120), Versa Backpack (Model No. EKP127), Versa 2 Backpack (Model No. EKP127B), and Urbanite Messenger (Model No. EKS620).

3. Pursuant to 35 U.S.C. § 283, as of the date of this Order, Everki USA, Inc., and any of its employees, agents, representatives, subsidiaries, directors, principals, officers; any successors and assigns after the date of this Order; and all others acting in concert or participation with Everki USA, Inc. who receive actual notice of this Order, shall be permanently enjoined and restrained from directly or indirectly importing, making, manufacturing, marketing, advertising, using, offering for sale, and selling (a) the current design of the Accused Products; and/or (b) any product not colorably different from the current design of the Accused Products with respect to U.S. Patent No. 8,567,578. Notwithstanding the foregoing sentence, for a period of up to ten (10) months from the date of this Order, Everki USA, Inc. may sell off its existing U.S. inventory of the Accused Products present in the United States as of the date of this Order up to a wholesale value of US$400,000.

4. This Court shall retain jurisdiction of this action to the extent necessary to ensure full compliance with all obligations imposed by this Order, including the enforcement of this Stipulated Permanent Injunction by way of contempt or otherwise. The obligations of the Parties, as set forth in this Stipulated Permanent Injunction, shall be enforced, if necessary, exclusively by this Court.

5. Everki USA, Inc. waives any appeal of the Stipulated Permanent Injunction.

6. Each party shall bear its own costs, expenses, and attorneys' fees.

7. Pursuant to Fed. R. Civ. P. 41(a)(2) and (c), all claims and counterclaims filed in this action are dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: <u>March 18, 2021</u>

                                        HON. JOSEPHINE L. STATON
                                      UNITED STATES DISTRICT JUDGE